Argued May 4, affirmed June 17, 1964

# BERRY *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

393 P. 2d 184

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for appellant. With him on

the brief were Robert Y. Thornton, Attorney General and Ray H. Lafky, Assistant Attorney General, Salem.

*James B. Minturn*, Prineville, argued the cause for respondent. On the brief were James F. Bodie, Bodie & Minturn and Rodney R. Glantz, Prineville.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

SLOAN, J.

In this action the commission resists paying death benefits to the widow of a workman killed in the course of his employment. The case was submitted upon stipulated facts to the trial court. The court entered conclusions in favor of plaintiff. Defendant appeals.

The stipulated facts reveal that about a year prior to his death the deceased, Berry, had filed notice with the commission as an employer engaged in a hazardous occupation. Berry did function to a limited extent as an employer and made contributions accordingly. Berry also worked as an employee for other employers and contributions were made in his behalf as an employee.

In respect to Berry's employment at the time of his death, the stipulation recited:

\* \* \* \* \*

"V.

"Berry was engaged by Van Osten, in the course of such business, whereby Van Osten let a contract to Berry involving the performance of labor, and such labor was performed by Berry to whom the contract was let, and Berry performed this work without the assistance of others. The transcript of testimony attached hereto shows the business and work that Berry had engaged in since July 5, 1961.

"VI.

"Berry and Van Osten did not comply with ORS 656.124 (2) pursuant thereto did not file the notice as required by said section.

"VII.

"The incidents of employment between Berry and Van Osten were such that Berry would be considered subject to the benefits of the SIAC as an employee, unless ORS 656.124 (1) bars him, or his heirs, from recovery herein."

ORS 656.124 provides:

"(1) If any person engaged in a business and subject to ORS 656.002 to 656.590 as an employer, in the course of such business, lets a contract involving the performance of labor, and such labor is performed by the person to whom the contract was let with the assistance of others, all persons engaged in the performance of the contract are deemed workmen of the person letting the contract for the purposes of this section unless the person to whom the contract is let is regularly engaged in a business involving the occupation covered by the contract and has currently on file and in effect with the commission a statement or notice made under ORS 656.024, 656.034, 656.052 or subsection (2) of this section. Any person having currently on file and in effect with the commission such a notice or statement may qualify as a workman only in accordance with the provisions of ORS 656.128.

"(2) If the person to whom the contract is let performs the work without the assistance of others, he is subject to ORS 656.002 to 656.590 as a workman of the person letting the contract unless he and the person letting the contract jointly file with the commission a notice stating that the services rendered under the contract are rendered as those of an independent contractor.

"(3) The provisions of this section apply only if the occupation covered by the contract is a

hazardous occupation as defined in ORS 656.082 to 656.086."

The trial court reached these conclusions of law:

"It is the opinion of the Court that ORS 656.124 (1) applies only to the situation where the person to whom the contract was let performed such labor with the assistance of others. Therefore, ORS 656.124 (1), has no application to this case and the workman, James H. Berry, deceased, since the labor performed by him was without the assistance of others.

"It is the further opinion of the Court that since the stipulation shows that James H. Berry, deceased, performed work for Van Osten, without the assistance of others; that Van Osten was an employer subject to the provisions of ORS 656.100 to 656.590; and that Van Osten and Berry had not filed a notice with the State Industrial Accident Commission, that such services by Berry were rendered under a contract as those of an independent contractor; then James H. Berry, deceased, was a workman subject to the provisions of ORS 656.002 to 656.590 and that the widow and children are entitled to the benefits provided by the Workmen's Compensation Laws."

The commission argues that if we adopt the trial court's conclusions we will impair effective administration of this section of the act by the commission. Defendant's brief says that the legislative intent was to make the "* * * written notice to the commission [as] the primary operative factor in determining whether a person is in fact an employer, an independent contractor, or an employee." We cannot agree.

█ It appears that the legislative intent by the 1957 amendments to ORS 656.124 was to eliminate the problem of deciding the independent contractor versus employee status as in *Butts v. State Ind. Acc.*

*Comm.,* 1951, 193 Or 417, 239 P2d 238. See Survey of Oregon Legislation Enacted in 1957, 37 Ore L Rev 67, 86. The facts in the *Butts* case appear to have been similar to those in the instant case. The *Butts* decision sustained a finding that the workman had been an independent contractor and that his widow could not receive benefits. We agree with the commentators in the cited Oregon Law Review that: "The principal effect of the [1957] amendment is to extend the benefits of the act to persons who have heretofore been regarded as independent contractors, as in the *Butts* case."

■ The primary test of the statute now is, as the trial court concluded, to first determine if the workman was laboring with or without the assistance of others. It is no longer necessary to decide the bothersome independent contractor versus employee question. If the contractor does not have assistants he is covered, unless the notice provided by ORS 656.124 (2) has been served on the commission. The notice is the secondary determination. If the workman does have assistants other portions of the statute, we are not now concerned with, would apply. In this instance the stipulated facts establish that "* * * Berry performed this work without the assistance of others." He was covered.

Affirmed.